UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTOINE DELONTAY COOPER, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-0645 (RBW) |
| ) | |
| CRYSTAL JOHNSON, et al., ) | |
| ) | |
|     Defendants. ) | |
| _____) | |

## DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME

    Defendants, by and through the undersigned, respectfully request a further enlargement of time, to and including , August 28, 2008, within which to answer, move or otherwise respond to the Complaint, as amended. In support of this motion, defendants states the following.

    This is a civil action alleging violations of plaintiff's Constitutional rights and under 42 U.S.C. § 1983 by the claimed falsification of matters in plaintiff's presentencing report to the court. As relief, plaintiff seeks an order enjoining defendants from further "deliberate false and unsubstantiated, frivolous accusations . . ." that might support a judgment against plaintiff despite plaintiff's asserted innocence and ongoing appeal. Plaintiff also seeks a substantial monetary award for defendants' alleged "deliberate tortous and ultra vires acts" in the amount of $5,000,000.00. As plaintiff characterizes this action, it appears to arise either as a common law tort case, under the Federal Tort

Claims Act, 28 U.S.C. 2671, et seq. (FTCA), and/or under a constitutional tort theory, see Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 383 (1971) against the Director of the Court Services and Offender Supervision Agency (CSOSA), Crystal Johnson, a past employee of CSOSA, and the agency itself.  Undersigned counsel will be filing a motion to dismiss or for summary judgment in this case.  Defendants have sought enlargements of time to respond to the Complaint, and then the amended complaint, through August 13, 2008, for the purpose of obtaining from records storage and reviewing the pertinent CSOSA files, and for representation authority.  Additional time is required for the following reasons.

    First, Ms. Crystal Johnson is no longer an employee of CSOSA and has not been for over a year and has not been in contact with the agency since that time.  Although the agency was served with the complaint, there is no indication that Ms. Johnson has been personally served and CSOSA is not authorized to accept service for her.  Ms. Johnson is entitled to 60 days after proper service before her answer is due.

    Additionally, review of the CSOSA file reveals that there are multiple grounds for dismissal of this case and undersigned counsel requests this enlargement so that all of these grounds may be presented.  First, even if Ms. Johnson had been properly served, she would be entitled to absolute immunity from the claims raised in this complaint.  *See Pierson v. Ray*, 386 U.S. 547 (1967); *Dorman v. Higgins*, 821 F.2d 133, 136 (2d Cir. 1987).  Similarly, the Director of CSOSA would be entitled to dismissal of all claims

against him personally because government employees can not be held liable under a theory of *respondeat superior* for constitutional tort claims. Finally, with regard to the FTCA claims, the only proper defendant is the United States. Pursuant to that statute, the Chief of the Civil Division must certify that the employees were acting within the scope of their employment, at which point, the United States would be substituted for them. Although there can be no legitimate dispute that these employees were so acting, certification is required. However, the Chief of the Civil Division is currently out of the office until August 25, 2008 and is unavailable to review the file and certify scope of employment. This authority can not be delegated.

Accordingly, defendants request an additional two weeks time within which to complete and file a comprehensive dispositive motion that will further present the arguments for dismissal set forth above. Defendants request until August 28, 2008 within which to file the motion to allow time for the necessary certification of scope after the certifying authority returns. This request is not made for the purpose of delay and no other dates will be effected by this enlargement. Because plaintiff is incarcerated, and is proceeding *pro se*, Local Rule 7(m) does not apply to this motion, and undersigned counsel has not obtained plaintiff's position as to the relief requested. A proposed Order also accompanies this motion.

WHEREFORE, defendants respectfully request that this motion be granted.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
MADELYN E. JOHNSON, DC Bar #292318
Assistant United States Attorney
U.S. Attorney's Office, Rm E4114
555 4th Street, N.W.
Washington, D.C. 20530
*(202) 514-7135*

CERTIFICATE OF SERVICE

I CERTIFY that on August 13, 2008, plaintiff was served with a copy of the foregoing Motion for Enlargement of Time via first-class mail postage prepaid and addressed:

Antoine Delontay Cooper
#36566-007
U.S. Penitentiary - Canaan
P.O. Box 300
Waymart, PA 18472

                                               _____/s/_____
                                               Madelyn E. Johnson
                                               Assistant U.S. Attorney
                                               555 4th Street, N.W., Rm. E4114
                                               Washington, D. C.  20530
                                               (202) 514-7135

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANTOINE DELONTAY COOPER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No. 08-0645 (RBW)** |
| ) | |
| **CRYSTAL JOHNSON, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

PROPOSED ORDER

UPON CONSIDERATION of defendants' motion for enlargement of time within which to answer, move or otherwise respond to the complaint, as amended, any response thereto, and the record in this case, it is this ____day of August, 2008

ORDERED that the motion should be, and hereby is, GRANTED, and it is

FURTHER ORDERED that defendants shall have to and including August 28, 2008 within which to answer, move, or otherwise respond to the Complaint.

_____
UNITED STATES DISTRICT JUDGE