UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANTOINE DELONTAY COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-0645 (RBW) |
| ) | |
| CRYSTAL JOHNSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on the defendants' motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure. For the reasons discussed below, the motion will be granted.

I.   BACKGROUND

On November 23, 2004, in the Superior Court of the District of Columbia, a jury found the plaintiff guilty of second degree murder while armed and assault with a dangerous weapon. *See* Defendants' Memorandum in Support of Defendants' Motion to Dismiss ("Defs.' Mot.") at 2, Exhibit ("Ex.") 1 (excerpt of presentence investigation report) at 1. Crystal Johnson ("CSO Johnson"), then a Community Supervision Officer employed by the Court Services and Offender Supervision Agency ("CSOSA"), was assigned to prepare a presentence investigation report.[1]

---

[1] CSO Johnson was assigned to the Community Supervision Division, Branch 1 Diagnostic, "the branch within CSOSA that is responsible for the preparation of pre-sentence reports for offenders awaiting sentencing." Defs.' Mot. at 2; *see* Defendants' Motion to Seal Exhibits, Ex. 3 (Schmitz Decl.) ¶ 3.b.

1

*See* Complaint ("Compl.") ¶ 8; Defs.' Mot., Ex. 1 at 1.  Incorporated into the presentence investigation report was information taken from the affidavit supporting the arrest warrant, repeating a witness' statement that the plaintiff admitted to the crimes for which he was charged and convicted.  *See* Defs.' Mot., Ex. 1 at 3.

Because CSO Johnson's report contained this purported admission, which the plaintiff alleges was "false information designed to deceive the reader . . . into believing that [he] confessed to the crime[s]" resulting in "every act of appeal, exercise of right, or proclaiming his innocence [appear as] a deliberate lie[.]"  Compl. ¶ 8.  The plaintiff maintains his innocence of the crimes for which he has been convicted and sentenced.  *See id.* ¶ 11.  He asserts that the language of the presentence investigation report suggests a confession or an admission of guilt, thus undermining his efforts to overturn his conviction and to secure his release from custody. *See id.* ¶¶ 7-11.  Further, the plaintiff alleges that this false information has been disseminated "to every agency, judge and attorney prosecuting his appeal and petition to reverse the judgment," as well as "to the FEDERAL BUREAU OF PRISONS [and made a] part of the Plaintiff's permanent record," for staff to use "in determining [the] Plaintiff's security, treatment and population access within the FEDERAL BUREAU OF PRISONS[.]"  *Id.* ¶ 10 (capital letters in original).

The plaintiff alleges that CSO Johnson acted "willfully, maliciously, with malice aforethought, deliberately in reckless disregard for the Plaintiff's Constitutional Rights and the law" by including his purported admission in the presentence investigation report.  Compl. ¶ 4. In addition, he faults CSOSA's Acting Director for her alleged "reckless disregard for the Plaintiff's Constitutional Rights and the law," *id.* ¶ 5, because she failed to prevent CSO Johnson

from "provid[ing] false information to the [Superior Court], to corrupt, slander, or otherwise substantially prejudice [criminal] defendants claim[ing] actual innocence to DISTRICT charges," *id.* ¶ 7 (capital letters in original).

The plaintiff brings this action under 42 U.S.C. § 1983, and, presumably, under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). He demands injunctive relief to prevent the defendants "from unlawfully falsifing [sic] the Plaintiff's presentenc[e] report, using deliberate false and unsubstantiated, frivolous accusations as facts . . . that create a false reason for maintaining judgment against the Plaintiff despite his actual innocence and on going [sic] appeal, proclaiming the defense of actual innocence." Compl. ¶ 19. In addition, the plaintiff demands damages of $5 million. *Id.* ¶ 20.

## II. DISCUSSION[2]

### A. The Complaint Fails to State a Claim Under 42 U.S.C. § 1983 or Bivens

#### 1. Dismissal Under Rule 12(b)(6)

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A motion under Rule 12(b)(6) does not test a plaintiff's likelihood of success on the merits; rather, it tests whether a plaintiff properly has stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). "When ruling on a defendant's motion to dismiss, a judge must accept as true

---

[2] For purposes of this discussion, the Court presumes without deciding that service of process on CSO Johnson and CSOSA's Acting Director is proper and that the plaintiff has filed this action within the applicable statute of limitations period.

all of the factual allegations contained in the complaint." *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (other citations omitted). Although "detailed factual allegations" are not required to withstand a Rule 12(b)(6) motion, a plaintiff must offer "more than labels and conclusions" to provide "grounds" of "entitle[ment] to relief." *Twombly*, 550 U.S. at 555. Or as the Supreme Court more recently stated, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). A complaint alleging facts which are "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly* 550 U.S. at 557) (brackets omitted).

### 2. Section 1983 and *Bivens*

Section 1983 provides, in pertinent part, that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects ... any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (2006) (emphasis added). In order to state a claim under § 1983 for a violation of a constitutional right, a complaint must allege facts sufficient to support a reasonable inference that (1) a person (2) acting under color of state, territorial, or District of Columbia law (3)

4

subjected the plaintiff or caused the plaintiff to be subjected (4) to the deprivation of a right secured by the Constitution or laws of the United States. *See, e.g., City of Oklahoma City v. Tuttle*, 471 U.S. 808, 829 (1985). On the other hand, a civil action under *Bivens* "is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983." *Marshall v. Fed. Bureau of Prisons*, 518 F. Supp. 2d 190, 193 (D.D.C. 2007) (citing *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) (internal citation omitted)).

    a. <u>The Claims Against CSOSA and Against CSOSA's Interim Director and CSO Johnson in their Official Capacities</u>

Notwithstanding its authority to "provide supervision . . . for offenders on probation, parole, and supervised release pursuant to the District of Columbia Official Code," D.C. Code § 24-133 (c)(1) (2001), CSOSA is a federal government entity. D.C. Code § 24-133 (a) (2001) (establishing CSOSA "within the executive branch of the Federal Government"); *see Epps v. United States Attorney General*, 575 F. Supp. 2d 232, 234 n.1 (D.D.C. 2008) (noting that CSOSA is a federal agency); *see also Ali v. D.C. Court Servs. and Offender Supervision Agency*, 538 F. Supp. 2d 157, 161 (D.D.C. 2008) (concluding that sovereign immunity barred a suit against CSOSA and its employees in their official capacities and dismissing the complaint brought by a parolee as to the individual defendants, including a Court Supervision Officer and her supervisor); *cf. Settles v. United States Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005) ("Despite its role in administering parole for D.C. Code offenders, the [Parole] Commission retains the immunity it is due as an arm of the federal sovereign."). Thus, the plaintiff cannot maintain a § 1983 action against the United States or its officers because the provision "does not apply to federal officials acting under color of federal law." *Settles*, 429 F.3d

at 1104. Moreover, the Court concludes that the plaintiff's complaint fails to state a § 1983 claim against CSOSA because the pleading does not identify a person acting under color of District of Columbia law. Accordingly, as against CSOSA, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

A suit against a government official in her official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent," such that "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (citations omitted). The plaintiff's claims against CSO Johnson and CSOSA's Acting Director in their official capacities are treated as if they were brought against CSOSA directly. Because § 1983 does not apply to CSOSA, any constitutional claim against these defendants also fails.

b. The Claims Against CSO Johnson in her Individual Capacity

Notwithstanding the plaintiff's assertion that he did not file an action under *Bivens*, Plaintiff's Brief in Support of Plaintiff's Opposition of the Defendants' Motion to Dismiss ("Pl.'s Opp'n") at 1, only under *Bivens* does the plaintiff have "an implied private action for damages against federal officers alleged to have violated [his] constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001).

Absolute immunity extends to judges for acts performed within their judicial discretion, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), and to officials who perform functions closely associated with the judicial process, *Butz v. Economou*, 438 U.S. 478, 512-14 (1978). "The presentence report is an integral part of the judicial function of sentencing." *Turner v. Barry*, 856 F.2d 1539, 1540 (D.C. Cir. 1988) (per curiam). A probation officer preparing such a report "acts

at the specific request of the court and submits the results of the investigation to the sentencing court for its evaluation," such that "probation officers typically serve as an arm of the sentencing judge." *Id.* (citations and internal quotation marks omitted). As the District of Columbia Circuit has held, "District of Columbia probation officers are absolutely immune from liability for damages in an action brought pursuant to 42 U.S.C. § 1983 for alleged errors in the investigation and preparation of presentence reports." *Id.* at 1541; *Sykes v. James*, 13 F.3d 515, 521 (2d Cir. 1993) (concluding that a parole officer was immune from suit under § 1983 alleging that he submitted a false affidavit in a parole revocation hearing). Accordingly, the plaintiff's *Bivens* claims against CSO Johnson arising from her preparation of his presentence investigation report must be dismissed. *Ali*, 538 F. Supp. 2d at 162 (dismissing for failure to state a claim a parolee's *Bivens* action against CSOSA employees who, pursuant to the terms of the certificate of parole, applied a special condition and placed him under the supervision of the mental health unit).

   c. <u>The Claims Against CSOSA's Acting Director in her Individual Capacity</u>

  The plaintiff alleges that CSOSA's Acting Director is required to supervise agency employees, Compl. ¶ 4, and in her capacity as Director, she was "directly responsible for insuring [that CSO Johnson did] not . . . provide false information to the court of the DISTRICT OF COLUMBIA, to corrupt, slander, or otherwise substantially prejudice [criminal] defendants who claim actual innocence to DISTRICT charges," *id.* ¶ 7 (capital letters in original).

  The plaintiff's constitutional claim against CSOSA's Acting Director cannot survive the defendants' motion to dismiss absent an allegation that she is directly responsible for the alleged constitutional violations set forth in the complaint. *Iqbal*, 129 S.Ct. at 1948 ( "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-

official defendant, through the official's own individual actions, has violated the Constitution."); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690-94 (1978); *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993).  Here, the plaintiff does not allege that CSOSA's Acting Director personally participated in the writing or even the approval of the challenged presentence investigation report.  Rather, it is only in her capacity as the agency head whose responsibilities include the supervision of CSOSA staff that could provide a legal basis for the Director's liability.  However, because "vicarious liability is inapplicable to *Bivens* . . . suits," *Iqbal*, 129 S.Ct. at 1948, the plaintiff's constitutional claims directed against CSOSA's Acting Director in her individual capacity must fail.

### B.  Sovereign Immunity Bars the Plaintiff's Claims Against the United States

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."  *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  Such consent may not be implied, but must be "unequivocally expressed."  *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992).  The United States has not waived its sovereign immunity for constitutional tort claims, *see Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 477 (1994) (stating that sovereign immunity precludes damage claims against the United States government for constitutional violations brought under the Federal Tort Claims Act), and sovereign immunity extends to governmental agencies and to their employees where such employees are sued in their official capacities, *see id.* at 483-86.

There having been no waiver of sovereign immunity based on the circumstances presented to the Court in this case, the Court lacks subject matter jurisdiction over the plaintiff's claims for money damages against the United States and its agencies, including CSOSA, and

against CSO Johnson and CSOSA's Acting Director in their official capacities.  *See id*. at 471 (holding that the United States may not be sued under the Federal Tort Claims Act for a constitutional tort and that federal agencies may not be sued under *Bivens*); *Clark v. Library of Congress*, 750 F.2d 89, 101-02 (D.C. Cir. 1984); *Jones v. Delaney*, 610 F. Supp. 2d 46, 49-50 (D.D.C. 2009) (dismissing complaint against the United States Department of Justice, the Federal Bureau of Investigation, and the United States Marshals Service and any of its agents sued in his or her official capacity, and dismissing these defendants from the case because they are immune from suit).  The claims therefore cannot survive the defendants' motion to dismiss.

### III.  CONCLUSION

The Court concludes that the plaintiff states neither a § 1983 nor a *Bivens* claim against the defendants.  Further, the Court concludes that it lacks subject matter jurisdiction over any of the plaintiff's claims against the United States, CSOSA, or any United States government employee in her official capacity.  For these reasons, the Court will grant the defendants' motion and will dismiss this action in its entirety.

An Order accompanies this Memorandum Opinion.

                                                               /s/
                                      REGGIE B. WALTON
                                      United States District Judge

DATE:  September 11, 2009